UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:15-cr-00041-GFVT-HAI |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| BOBBY JOE WAGERS, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Bobby Wagers's violation of supervised release. Magistrate Judge Hanly A. Ingram issued a Recommended Disposition pursuant to Mr. Wagers's violation. [R. 96.] Judge Ingram recommended revocation with a term of imprisonment of eighteen months, to be followed by eighteen months of supervised release. *Id.* Mr. Wagers preserved his right of allocution and came before the undersigned on February 5, 2021. [R. 98.] At his allocution hearing, Mr. Wagers argued that his drug use while on supervised release was a mistake and that he should be given another chance to prove that he can comply with the conditions of his supervised release. *Id.* For the reasons that follow, Judge Ingram's Recommendation will be **ADOPTED**.

**I**

Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of this case. The Court incorporates Judge Ingram's discussion of the record by reference here, but nevertheless will reiterate a few key facts.

In September 2016, Mr. Wagers pleaded guilty to two counts of possession of firearms by a convicted felon in violation of U.S.C. § 922(g)(1). [R. 57.] This Court sentenced him to seventy-two months imprisonment and three years of supervised release. *Id.* Mr. Wagers's supervised release began on October 28, 2020. [R. 96 at 1.] Included in his terms of supervision was a clause that Mr. Wagers was not to unlawfully possess a controlled substance, unlawfully use a controlled substance, or commit another state or federal crime. [R. 57.] On November 25, 2020, USPO reported to the Court that Mr. Wagers's urine tested positive for methamphetamine but Mr. Wagers denied use of the drug. [R. 96 at 1.] The USPO Report charged Mr. Wagers with a Grade C violation for possessing a controlled substance and a Grade B violation for using and possessing methamphetamine. *Id.* at 2. Based on his criminal history and a Grade B violation[1], the Guideline range for this violation is 21 to 24 months. *Id.* at 3.

Judge Ingram held a final revocation hearing on January 14, 2021. *Id.* There, Mr. Wagers stipulated to both violations and acknowledged that he had used methamphetamine prior to submitting the urine sample. *Id.* Due to Mr. Wagers's criminal history and how quickly he used drugs after his release, the United States recommended revocation with a below-Guidelines sentence of eighteen months and drug treatment upon release. *Id.* at 4. In response, Mr. Wagers requested inpatient treatment and a halfway house instead of revocation. *Id.* In support of his request, Mr. Wagers stressed his difficult childhood and lifetime drug and alcohol addiction. Mr. Wagers also argued that a halfway house would allow him to obtain his driver's license and reestablish social security disability payments which, in turn, would help him succeed on

---

[1] "When there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of violation is determined by the violation having the most serious grade." United States Sentencing Commission § 7B1.2(b).

2

supervised release. *Id.* Alternatively, Mr. Wagers argued that he should be given twelve months and a day of incarceration, with treatment to be included as part of his sentence. *Id.*

For reasons more thoroughly articulated in the Recommended Disposition, Judge Ingram ultimately recommended eighteen (18) months of incarceration, followed by eighteen (18) months of supervised release. *Id.* at 7. In reaching his conclusion, Judge Ingram pointed to Mr. Wagers's lengthy criminal history, immediate use of drugs upon release from incarceration, and history of violent behavior. [R. 96 at 5-7.]

## II

Under Federal Rule of Criminal Procedure 59(b), a party has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal. *See also* 28 U.S.C. § 636(b)(1). In order to receive *de novo* review by this Court, any objection to the report and recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). A general objection that fails to identify specific factual or legal issues from the report and recommendation, however, is not permitted since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Wagers did not file any written objection to the Recommended Disposition, so *de novo* review under 28 U.S.C. § 636(b)(1)(c) has not been triggered, but he did preserve his right to allocution. At his allocution hearing held on February 5, 2021, Mr. Wagers argued that he simply made a mistake by using methamphetamine. Instead of taking responsibility for his actions, however, Mr. Wagers placed the blame for his drug use on an unidentified woman,

whom he claims he was trying to impress by using drugs. Mr. Wagers argued that he deserves a second chance and that, if given the opportunity to pursue drug treatment, he could succeed on supervised release. [R. 98.] While the Court sympathizes with Mr. Wagers and understands that he has had a lifelong battle with drug addiction, it does not believe a second chance to be warranted in this case. Not only did Mr. Wagers reoffend almost immediately upon release, but he also placed the blame for his actions on another person. Having reviewed the record, arguments by all parties, and Mr. Wagers's statements made at his allocution hearing, the Court **ORDERS** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 96**] is **ADOPTED** as and for the opinion of the Court;
2. Defendant Bobby Joe Wagers is found **GUILTY** of all violations, as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;
3. Mr. Wagers's supervised release is **REVOKED**;
4. Mr. Wagers is hereby sentenced to the Custody of the Bureau of Prisons of a term of imprisonment of **eighteen (18) months,** followed by an **eighteen (18) month** period of supervised release, with the same conditions previously imposed.
5. Judgment shall enter promptly.

    This the 17th day of February, 2021.

Gregory F. Van Tatenhove
United States District Judge