UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:15-cr-00041-GFVT-HAI-1 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| BOBBY JOE WAGERS, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Bobby Joe Wagers's Objection to a Recommended Disposition filed by Magistrate Judge Hanly Ingram. [R. 122.] Judge Ingram advises the Court to find Mr. Wagers guilty of two violations of the terms of his supervised release and sentence him to 24-months' imprisonment with no additional term of supervised release. *Id.* at 9. Because Mr. Wagers was previously incarcerated for a violation of his supervised release, he only has 18 months of supervised release remaining. [R. 123 at 2.] Mr. Wagers suggests that a sentence that exceeds his remaining term of supervised release would be greater than necessary. *Id.* But this objection accords neither with governing law nor the penological goals associated with revocation sentences. Accordingly, his objection is overruled and Judge Ingram's opinion is adopted for and as the opinion of the Court.

I

In 2016, Mr. Wagers pled guilty to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [R. 57.] The Court sentenced him to seventy-two months' imprisonment with three years' supervised release to follow. *Id.* at 2–3. A month after his release, Mr. Wagers's urine tested positive for methamphetamine. [R. 122 at 1–2.] The

Court revoked Mr. Wagers's release and sentenced him to eighteen months' incarceration with eighteen months' supervised release to follow. *Id.* at 2.

Out again, Mr. Wagers faces another reported violation. *Id.* This time the United States Probation Office accuses Mr. Wagers of three violations of the terms of his release. *Id.* at 2–3. Appearing before Judge Ingram, the United States moved to dismiss the third violation. *Id.* at 4. That leaves a grade C violation stemming from another positive test for methamphetamine and a grade B violation for committing the federal felony associated with possession of methamphetamine. *Id.* at 2–3.

Pursuant to Rule 32.1, Judge Ingram conducted an initial appearance on February 27, 2023. [R. 119.] Mr. Wagers competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* Mr. Wagers appeared before Judge Ingram again for a final hearing on March 10. [R. 121.] Mr. Wagers waived a formal hearing and competently, voluntarily, and intelligently stipulated to Violations 1 and 2. *Id.*

Judge Ingram then reviewed the record and issued the instant recommendation. [R. 122.] Based on Mr. Wagers's criminal history category of VI and his Grade B violation, the Guidelines suggest a sentence between 21 and 27 months. *Id.* at 4. However, because Mr. Wagers's underlying conviction is a Class C felony, his statutory maximum revocation sentence is two years. *Id.*; 18 U.S.C. § 3583(e)(3). The Government sought the maximum sentence of 24 months. *Id.* at 5. Mr. Wagers argued for several lower options and suggested that his revocation should not exceed his remaining 18 months of supervised release. *Id.* at 6.

Ultimately, Judge Ingram recommends a sentence of 24 months based on his review of the Section 3553 factors. Mr. Wagers has violated the Court's trust by using methamphetamine

for a second time under supervised release. *Id.* at 7. His methamphetamine use compounds the issue given Mr. Wagers's history and characteristics. *Id.* at 7–8. Mr. Wagers tends to behave violently when intoxicated and poses a threat to the public and himself. *Id.* at 8. For these reasons, Judge Ingram refused to vary below the Guideline range sentence. *Id.* at 8–9.

This Court conducted an allocution hearing for Mr. Wagers on April 10. [R. 127.] Mr. Wagers expressed his remorse for his actions. He also detailed the difficult circumstances that he has faced since his release. During the hearing, his attorney explained an objection that he filed in the matter. [R. 123.] That issue is now ripe for review.

## II

A petitioner has fourteen days after service to register any objections to a magistrate judge's report and recommendations. 28 U.S.C. § 636(b)(1). Failure to object results in a waiver of appeal if the magistrate judge informs the parties of the potential waiver. *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019). To receive *de novo* review, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Wagers filed a timely objection to Judge Ingram's recommendation and requested an allocation hearing. [R. 123.] He argues that the "18-month sentence represents the maximum

3

time remaining under Mr. Wagers's three-year period of supervision less the 18-month sentence imposed on February 17, 2021, for his prior revocation." *Id.* at 2. During the allocution hearing, Mr. Wagers's attorney argued that imposing a revocation sentence that exceeds the remaining period of supervised release could be legal error. He also claimed that, as a prudential matter, courts should avoid these sentences because they frustrate the rehabilitative purposes behind supervised release. Finally, he claimed that Mr. Wagers's new sentence is disproportionate to his first revocation of 18 months. The Court considers each argument in turn.

### A

Assuming that Mr. Wagers argues for a reduction as a matter of law, his claim has no merit. When a defendant's supervised release is revoked, a sentencing court can impose a term of incarceration and a subsequent period of supervised release to follow. 18 U.S.C. §§ 3583(e)(3), (h). Section 3583(h) governs the imposition of the new period of supervised release. *United States v. Price*, 901 F.3d 746, 750 (6th Cir. 2018). It does not control the term of incarceration. *United States v. Sears*, 32 F.4th 569, 575 (6th Cir. 2022). Section 3583(h) limits the length of the new period of supervised release by requiring a reduction for "all post-revocation terms of imprisonment imposed with respect to the same underlying offense . . . ." *Price*, 901 F.3d at 750.

On the other hand, Section 3583(e)(3) allows a court to impose the maximum statutory imprisonment term for each violation of the conditions of supervised release. *Sears*, 32 F.4th at 575. It does not permit a defendant credit for the time that he served for a previous violation. *Id.* Nothing in this statutory scheme, which creates distinct protocols for determining the length of a

4

revocation sentence and a new term of supervised release, supports the limitation that Mr. Wagers seeks.

B

Alternatively, to the extent that Mr. Wagers advocates for a prudential rule against a revocation sentence exceeding the remaining term of supervised release, he misapprehends the unique functions that supervised release and carceral terms serve. "While '[s]upervised release is imposed as part of the original sentence, . . . the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast.'" Memorandum Opinion & Order, ECF No. 4, *Hedges v. U.S. Marshals Serv.*, No. 5:22-cv-00294-DCR (E.D. Ky. Nov. 23, 2022) (quoting *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005)).

Supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Its goal is to help the defendant transition to community life. *Mont v. United States*, 139 S. Ct. 1826, 1833 (2019). On the other hand, the primary objective of a revocation sentence is "to punish a defendant for violating the terms of the supervised release." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Judge Ingram considered the factors inherent in crafting a punishment for Mr. Wagers's violation. *See* 18 U.S.C. § 3553(a). He based the 22-month sentence on the violation of the Court's trust, the nature and circumstances of Mr. Wagers's underlying conviction, Mr. Wagers's history and characteristics, the interests in deterring criminal conduct and protecting the public, and whether treatment could be an effective alternative. [R. 122 at 6–8.] Significantly, Mr.

5

Wagers's suggested 18-month sentence would have required Judge Ingram to recommend a variance below the Guideline range. *Id.* at 9. Accordingly, the Court sees no need to follow a prudential rule, generally or as applied to Mr. Wagers, that limits a revocation sentence to the remaining period of supervised release.

C

Finally, Judge Ingram properly imposed a longer term for Mr. Wagers's second violation of the terms of his release. During his allocution hearing, Mr. Wagers's counsel placed great weight on the fact that Mr. Wagers committed his first violation shortly after release. This time, he succeeded longer before reoffending.

However, as Judge Ingram explained, Mr. Wagers received leniency with his first offense. [R. 122 at 8.] The Court gave him a below-Guidelines sentence but warned him that its indulgence would be unlikely to continue. *Id.* His continued inability to abide by the conditions of his release magnifies the violation of the Court's trust and justifies a larger sentence.

III

Accordingly, for these reasons, it is hereby **ORDERED** as follows:

1. The Objection **[R. 123]** is **OVERRULED**;

2. The Report and Recommendation **[R. 122]** is **ADOPTED** as and for the Opinion of the Court;

3. On the Government's motion, Violation #3 is **DISMISSED**;

4. Defendant Bobby Joe Wagers is found **GUILTY** of Violations #1 and #2;

5. Mr. Wagers's supervised release is **REVOKED**;

6. Mr. Wagers is **SENTENCED** to a term of incarceration of twenty-four (24) months, followed by no term of supervised release; and

7. Judgment shall enter promptly.

This the 19th day of April 2023.

Gregory F. Van Tatenhove
United States District Judge